UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| The State of Nevada, | Case No. 2:25-cr-00075-CDS-EJY |
| Plaintiff | **Remand Order** |
| v. | |
| Katherine Truman and Mitchell Truman, | |
| Defendants | |

Defendants Katherine and Mitchell Truman removed this state criminal action to this court pursuant to Title 28, United States Code, Section 1455 on April 1, 2025. Having promptly examined the notice, for the reasons set forth herein, I summarily remand this action to state court.

I.  **Procedural History**

On April 1, 2025, defendants Katherine and Mitchell Truman removed their state court criminal action[1] to this court, citing 28 U.S.C. § 1455 as the basis for removal. *See* Notice of removal, ECF No. 1. The Trumans assert that removal is timely because arraignment in the state case is set for May 15, 2025. *Id.* at 4.

II.  **Discussion**

When a United States District Court receives a notice of removal pursuant to 28 U.S.C. § 1455, the court is required to "examine the notice promptly." 28 U.S.C. § 1455(b)(4). The statute confers on the court jurisdiction to make an order for summary remand if it "clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." *Id.* This is because "[f]ederal courts are courts of limited jurisdiction . . . [so it] is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the

---

[1] The underlying criminal action is removed from Justice Court, Pahrump Township, Nye County, Nevada, captioned as *The State of Nevada v. Katherine Truman and Mitchell Truman*, Case Nos. 25CR00347A and 25CR00347B.

contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (cleaned up).

28 U.S.C. § 1455 is only a procedural mechanism for removal of a criminal case, so it does not provide any substantive grounds to support removal. Rather, the jurisdictional bases to remove criminal actions are set forth in 28 U.S.C. §§ 1442, 1442(a), and 1443. *California v. Conners*, 2017 WL 1380404, at *2 (C.D. Cal. Apr. 12, 2017). "Section 1442 only applies to criminal prosecutions in which the defendant is the United States or an agency or officer of the United States." *California v. Boyd*, 2017 WL 6049181, at *1 (N.D. Cal. Apr. 11, 2017). And under Section 1443, a defendant may remove a criminal prosecution to federal court if a two-part test is satisfied. *See Georgia v. Rachel*, 384 U.S. 780, 788–92 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824–28 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Defendants' notice of removal fails to identify which statute would confer jurisdiction to this court. Instead, it states the "local zoning regulations and criminal charges against Defendants are preempted by federal law, specifically the Commerce Clause . . . and the Supremacy Clause"; the enforcement of the zoning laws are "subject to federal regulation and preemption," thus implicating the Equal Protection Clause and the Fourth Amendment. *See generally* ECF No. 1 at 2–4. None of these stated reasons satisfy 28 U.S.C. §§ 1442, 1442(a), and 1443, so defendants have failed to meet their burden of establishing removal was proper.

Consequently, because removal is improper, the Court SUMMARILY REMANDS this case to the state court. *See* 28 U.S.C. § 1455(b)(4).

### III.  Conclusion

IT IS HEREBY ORDERED that this action is REMANDED to Justice Court, Department B, Nye County, Nevada (case nos. 25CR00347A and 25CR00347B).

Dated: April 14, 2025

_____
Cristina D. Silva
United States District Judge